## No. 13,386.

STARKEY ET AL. *v.* DAMERON.
(45 P. [2d] 172)

Decided February 25, 1935. On rehearing original opinion adhered to May 27, 1935.

Mr. John R. Wolff, for plaintiffs in error.

Messrs. Rinn & Connell, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiffs in error were defendants in the trial court and will be referred to as defendants, or separately, as Mr. and Mrs. Starkey. Defendant in error will be mentioned as plaintiff.

For and on account of injuries received by the discharge of a spring gun concealed in an automatic gasoline pump, which he alleged to have been operated by defendants, plaintiff brought this suit, praying for $6,000 compensatory damages, $3,000 exemplary damages and for body execution. Verdict was returned against both defendants in the sum of $900 compensatory damages, $1,500 exemplary damages, also with a finding of negligence on the part of defendants consisting of reckless and willful disregard of the rights and safety of others. A joint and several judgment was entered on the verdict in the sum of $2,400 plus interest on the amount of actual damages in the sum of $79, and body execution issued against Mr. Starkey, fixing an imprisonment term at four months, and against Mrs. Starkey for the term of thirty days. Error is assigned to the judgment. Stay of execution was ordered as to both defendants and application for supersedeas granted by this court.

It is undisputed that Mr. Starkey operated the filling station in question; that he placed a spring gun in the automatic pump; and that plaintiff was injured. Mrs. Starkey, by her answer, denies that she owned, controlled or operated the filling station in question, and she further denies that she was a business associate of Mr. Starkey in this enterprise. Mr. Starkey, in justification of set-

ting the spring gun, claimed thefts of gasoline from the pump, and that as a protection against such thefts, and for that reason only, the gun was set. He further contends that plaintiff received his injury while attempting to steal gasoline.

Plaintiff avers that on June 16, 1931, at about 10:40 p. m., he stopped at this station, which is located on the highway south of Longmont, Colorado, and deposited money in the automatic pump to obtain gasoline therefrom; that he received no gasoline for his deposit; that upon striking said pump, the spring gun concealed therein, was discharged, inflicting upon him the injuries of which he complains. He further denies any intention to steal.

This is another chapter of the tragic history of this automatic pump. A companion case by James Dameron, a brother of plaintiff, alleging injuries received at the same time as those of which complaint is made herein, was filed and tried by the lower court. A judgment for plaintiff came to this court for review on writ of error, the opinion reversing the judgment being reported in 92 Colo. 420, 21 P. (2d) 1112. That opinion was followed, we believe correctly, in the trial of the cause now before us, and therefore the opinion of Mr. Justice Burke in that case is determinative of practically all assignments of error presented here. There was, however, this difference in the two cases: The judgment in the former proceeding was for $100 actual, and $2,000 exemplary damages, and in reversing the judgment, Mr. Justice Burke used the following language:

"We think, under the circumstances, that exemplary damages in this case should not exceed the actual damages.

"It should be further noted that evidence that, at the time plaintiff was injured, he was or was not attempting to secure gasoline without paying for it, should any such

be offered, is proper to go to the jury as bearing upon the question of exemplary damages."

The case was decided by the court en banc and all of the justices agreed that in view of the evidence, the amount of exemplary damages was unreasonable and an indication that the verdict was the result of passion and prejudice. The specially concurring justices, however, did not agree with the majority in the holding that exemplary damages, under the circumstances, should not exceed the actual damages, and expressed fear that upon a new trial, the court would be so bound.

Upon examination of the record and the instructions given in the case before us, which is not a new trial, there is nothing to indicate that the trial court so construed the meaning of that opinion; but we do find that it properly instructed the jury on this particular matter, the instruction reading in part as follows: "The jury may, in addition to the actual damage sustained by such party, award him reasonable exemplary damages   *   *   *   if you find that exemplary damages should be awarded, you must determine the amount of such exemplary damages, not to exceed however the sum of $3,000."

██ In the former case, this court was unanimous in its opinion that the amount awarded as exemplary damages was unreasonable. In the present case, the jury had before it additional evidence which vitally affected the awarding of exemplary damages. All other questions of fact of which complaint is here made were determined by the jury upon sufficient evidence, and under instructions, either approved or indicated by the former opinion of this court, such findings, therefore, will not be disturbed. We cannot say, under the circumstances, or any disclosure appearing of record, that the award of exemplary damages in this case was excessive or disproportionate to the actual damages allowed.

Judgment affirmed.

MR. JUSTICE CAMPBELL not participating.

*On Rehearing.*

MR. JUSTICE HOLLAND.

The original opinion is fully supported by section 85, of the American Law Institute's Restatement of the Law of Torts, recently published. The reasoning there found is approved. The former opinion is adhered to.

All justices now concurring.